NYCTL 1998-2 Trust v Alanis Realty LLC (2019 NY Slip Op 07348)





NYCTL 1998-2 Trust v Alanis Realty LLC


2019 NY Slip Op 07348


Decided on October 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2019

Renwick, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


260269/14 -7020

[*1] NYCTL 1998-2 Trust, et al., Plaintiffs-Respondents,
v
Alanis Realty LLC, et al., Defendant-Appellant, City of New York Environmental Control Board, et al. Defendants. 598 Eagle Avenue LLC, Proposed Intervenor-Respondent-Appellant.


Joseph A. Altman P.C., Bronx (Joseph A. Altman of counsel), for appellant.
Desiderio, Kaufman & Metz PC, New York (Jeffrey R. Metz of counsel), for 598 Eagle Avenue, respondent-appellant.
The Law Office of Thomas P. Malone, PLLC, New York (Christopher Kohn of counsel), for NYCTL 1998-2 Trust and The Bank of New York Mellon, respondents.



Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered on or about October 4, 2018, to the extent it denied defendant Alanis Realty LLC's motion to vacate the judgment of foreclosure and sale entered upon its default, unanimously affirmed, and appeal therefrom to the extent it denied the proposed intervenor's cross motion to intervene as moot, dismissed, without costs, as academic.
Defendant failed to demonstrate a reasonable excuse for its default and a meritorious defense to this foreclosure action (see CPLR 5015[a][1]; Facsimile Communications Indus., Inc. v NYU Hosp. Ctr., 28 AD3d 391 [1st Dept 2006]). Contrary to defendant's contention, CPLR 317, which does not require the showing of a reasonable excuse for default, does not apply to this action (Administrative Code of City of NY § 11-340).
Defendant, the owner of the foreclosed property, claims that it did not receive notice of the summons and complaint served on the Secretary of State pursuant to Limited Liability Company Law § 303. This is not a reasonable excuse, given defendant's failure to keep a current address on file with the Secretary of State for at least five years (see NYCTL 2015-A Trust v Diffo Props. Corp., 171 AD3d 538 [1st Dept 2019]).
Defendant's proposed answer and its principal's affidavit contain only conclusory assertions, which do not establish a meritorious defense (see East N.Y. Sav. Bank v Sun Beam Enters., 234 AD2d 131, 132 [1st Dept 1996]). Defendant's claimed willingness to pay the tax lien well after the property was sold at auction is not a defense (NYCTL 2015-A Trust, 171 AD3d at 539). Nor did defendant provide any support for its contention that the sales price was unconscionable.
The proposed intervenor, as the subsequent purchaser of the property, should have been permitted to intervene in Supreme Court. However, now that we are affirming, this issue is academic.
We have considered the parties' remaining arguments for affirmative relief and find them unavailing.
M-7020 NYCTL 1998-2 Trust v Alanis Realty LLC
Motion to strike brief and dismiss cross appeal granted to the extent of dismissing the cross appeal as academic.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 10, 2019
CLERK